IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CANDICE TRUETT,

    Plaintiff,

v.

PINKERTON CONSULTING &
INVESTIGATIONS, INC.,

    Defendant.
_____/

CASE NO.

**CLASS ACTION COMPLAINT AND
TRIAL BY JURY DEMAND**

## NATURE OF ACTION

1. Plaintiff Candice Truett ("Plaintiff"), brings this putative class action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* against Defendant Pinkerton Consulting & Investigations, Inc. ("Defendant").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE FAIR CREDIT REPORTING ACT

4. Congress enacted the FCRA "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

1

5. "One means by which Congress effectuated this purpose was prohibiting the release of consumer credit reports unless the release occurs for one of the permissible purposes set forth in 15 U.S.C. § 1681b(a)." *Cole v. U.S. Capital*, 389 F.3d 719, 725 (7th Cir. 2004).

6. One such permissible purpose for which a consumer report may be used is for "employment purposes." 15 U.S.C. § 1681b(a)(3)(B).

7. "A consumer reporting agency may furnish a consumer report for employment purposes *only if* the [employer]…certifies to the agency that [it] *has* complied with [§ 1681b(b)(2)], and [it] *will* comply with [§ 1681b(b)(3)] if [§ 1681b(b)(3)] becomes applicable." 15 U.S.C. § 1681b(b)(1) (emphasis added).

8. Under § 1681b(b)(2), an employer must, before obtaining a consumer report for employment purposes, make "a clear and conspicuous disclosure…in writing…in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." *Id*. at § 1681b(b)(2)(A)(i).

9. The employer must also obtain a written authorization from the consumer before procuring the report. *Id*. at § 1681b(b)(2)(A)(ii).

10. Under § 1681b(b)(3), "before taking any adverse action based in whole or in part on the report, [an employer] intending to take such adverse action shall provide to the consumer to whom the report relates . . . a copy of the report." 15 U.S.C. § 1681b(b)(3)(A).

11. "The clear purpose of this section is to afford employees time to discuss reports with employers or otherwise respond before adverse action is taken." *Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 848 F. Supp. 2d 532, 537 (E.D. Pa. 2012) (citation to secondary sources omitted).

12. When a consumer reporting agency furnishes a consumer report about a consumer in violation of the requirements of § 1681b, the consumer has standing to bring a claim against the agency. *Perrill v. Equifax Info. Servs., LLC*, 205 F. Supp. 3d 869, 875 (W.D. Tex. 2016).

13. "[C]riminal background checks, if obtained from a 'consumer reporting agency,' are consumer reports." *Solimen v. Morton Coll.*, No. 13 C 1962, 2013 WL 4805004, at *2 (N.D. Ill. Sept. 9, 2013) (quoting 15 U.S.C. § 1681a(f)).

## PARTIES

14. Plaintiff is a natural person residing in the State of Illinois, County of Dupage, and City of Downers.

15. Plaintiff is a "consumer" as defined by the 15 U.S.C. § 1681a(c).

16. Defendant, for monetary fees, regularly engages in the practice of assembling information on consumers for the purpose of furnishing consumer reports—namely, criminal background checks—to third parties—namely, employers—and uses a means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

17. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

18. In April 2016, Plaintiff applied for employment with Securitas Security Services USA, Inc. ("Employer").

19. In connection with her application for employment, Employer obtained a criminal background check regarding Plaintiff from Defendant.

20. Upon information and belief, Employer did not certify to Defendant that it had complied with § 1681b(b)(2).

21. Upon information and belief, Employer did not certify to Defendant that it would comply with § 1681b(b)(3), if § 1681b(b)(3) became applicable.

22. Thus, Defendant furnished a consumer report about Plaintiff to Employer for employment purposes in violation of the certification requirements of § 1681b(b)(1).

23. While Employer did provide written disclosures to Plaintiff in an attempt to comply with § 1681b(b)(2), the disclosures were not a clear and conspicuous disclosure, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes.

24. Instead, Employer included an electronic disclosure ("the Electronic Disclosure") regarding the FCRA within an online application that consisted of nine (9) steps and several screens or pages.

25. Plaintiff completed this online application at Employer's request after having already submitted a previous application and being told that she would be hired.

26. In addition, when Plaintiff went to Employer's location in-person, Employer provided her with a physical document ("the Paper Disclosure") containing a written disclosure regarding the FCRA.

27. The Paper Disclosure was written in very small text and contained several paragraphs dedicated to complying with § 1681d's disclosure requirements for obtaining an "investigative consumer report," various disclosure requirements of New York, Maine, Oregon, Washington, Oklahoma, Minnesota, and California, and other language unrelated to the disclosure that a consumer report may be obtained for employment purposes.

28. By including the Electronic Disclosure within a document consisting of several pages, Employer did not effectively alert the reader that a consumer report may be obtained for employment purposes.

29. By overloading the prospective applicant with extraneous information in the Paper Disclosure, Employer did not effectively alert the reader that a consumer report may be obtained for employment purposes.

30. As a result, any written authorization that Employer obtained was invalid.

31. Had Defendant required Employer to make a certification under § 1681b(b)(1)—with respect to each applicant—that it had complied with § 1681b(b)(2), as a condition of obtaining criminal background checks, Employer would have reviewed its obligations under § 1681b(b)(2) more carefully and designed an employee onboarding process that ensured consumers were given a clear and conspicuous disclosure under § 1681b(b)(2).

32. By failing to require Employer to certify, with respect to Plaintiff, that it had complied with § 1681b(b)(2) before furnishing a criminal background check about her, Defendant created a substantial risk that Plaintiff's right to privacy would be violated as a result of an ineffective disclosure and authorization under § 1681b(b)(2).

33. Upon obtaining the criminal background check from Defendant, Employer took adverse action against Plaintiff in violation of the requirements under § 1681b(b)(3).

34. Specifically, the weekend before Plaintiff was to begin work, Employer contacted her via email and stated that there was "a problem with [her] background check" and rescinded her offer of employment.

35. While Employer gave a general description of the "problem" in the email, it did not provide her with a copy of the report or a description in writing of her rights under the

FCRA, as required, before informing her that she would be prohibited from working with Employer.

36. Had Defendant required Employer to make a certification under § 1681b(b)(1)—with respect to each applicant—that it would comply with § 1681b(b)(3), if § 1681b(b)(3) became applicable, as a condition of obtaining criminal background checks, Employer would have reviewed its obligations under § 1681b(b)(3) more carefully and refrained from taking adverse action against job applicants before providing them with a copy of their report and a written description of their FCRA rights.

37. By failing to require Employer to certify that it would comply with § 1681b(b)(3) with respect to Plaintiff, if § 1681b(b)(3) became applicable, before furnishing a criminal background check about her, Defendant created a substantial risk that Plaintiff would suffer adverse employment action without being given an opportunity to discuss the report with Employer or dispute the information contained therein.

38. Over a week after Employer took adverse action against her, Plaintiff received a copy of Defendant's report from Employer after making multiple requests for the information.

39. Upon receiving the report, she called Defendant's toll-free telephone number and left a message regarding the report, to which Defendant did not respond.

40. Having adverse employment action taken against her in this manner has caused Plaintiff significant harm, including but not limited to financial loss and emotional distress.

41. Had Employer complied with § 1681b(b)(3), Plaintiff might have been able to prevent adverse employment action from occurring, as she was able to promptly resolve the "problem" with her background check after obtaining a copy of her report.

42. Defendant's violation of § 1681b(b)(1) was a proximate cause of Plaintiff's harm.

6

## CLASS ACTION ALLEGATIONS

43. Plaintiff repeats and re-alleges all previous paragraphs.

44. Upon information and belief, Defendant has furnished more than 100 criminal background checks about individuals in the United States for employment purposes within the past five years.

45. Upon information and belief, Defendant maintains a routine practice of furnishing consumer reports to be used for employment purposes, without requiring the person who obtains the report to certify that they have complied with § 1681b(b)(2) and that they will comply with § 1681b(b)(3), if § 1681b(b)(3) becomes applicable.

46. Upon information and belief, Defendant furnishes consumer reports using a common system or mechanism that does not have a process for obtaining certification under § 1681b(b)(1).

47. Therefore, Defendant would not have complied with § 1681b(b)(1) regardless of who requested a consumer report for employment purposes or about whom it was requested.

48. Plaintiff seeks to represent a class of similarly situated individuals against Defendant for violations of 15 U.S.C. § 1681b(b)(1), defined as:

> All individuals in the United States about whom Defendant furnished a criminal background check to be used for employment purposes, at any time beginning five years prior to the filing of the original complaint in this action.

49. The proposed class specifically excludes the United States of America, the State of Illinois, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Seventh Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

50. The class is averred to be so numerous that joinder of members is impracticable.

51. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

52. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

53. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FCRA; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

54. The claims of Plaintiff are typical of those of the class she seeks to represent.

55. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

56. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

57. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

58. Plaintiff is willing and prepared to serve this Court and proposed class.

59. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

60. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

61. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

62. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

63. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

64. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

65. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1681b(b)(1)

66. Plaintiff repeats and re-alleges each and every factual allegation above.

67. Defendant violated 15 U.S.C. § 1681b(b)(1) by furnishing a consumer report about Plaintiff to Employer for employment purposes without having obtained a certification from Employer that it had complied with § 1681b(b)(2) and that it would comply with § 1681b(b)(3), if § 1681b(b)(3) became applicable.

68. Defendant's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiff for statutory damages pursuant to 15 U.S.C. § 1681n.

69. Defendant, as a consumer reporting agency in the business of furnishing consumer reports for employment purposes, was aware that the requirements of § 1681b(b)(1) pertained to criminal background checks.

70. The only reasonable interpretation of § 1681b(b)(1) is that it requires certifications from users with respect to *each* consumer about whom a report is obtained for employment purposes, and interpreting § 1681b(b)(1) otherwise goes beyond a "merely careless" reading of the statute. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007).

71. In the alternative, Defendant's conduct, action(s), and/or inaction was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant negligently violated 15 U.S.C. § 1681b(b)(1) with respect to Plaintiff and the Putative Class;

c) Adjudging that Defendant willfully violated 15 U.S.C. § 1681b(b)(1) with respect to Plaintiff and the Putative Class;

d) Awarding Plaintiff, and all those similarly situated, actual damages, pursuant to 15 U.S.C. § 1681o;

e) Awarding Plaintiff, and all those similarly situated, actual or statutory damages, and punitive damages, pursuant to 15 U.S.C. § 1681n;

f) Awarding Plaintiff, and all those similarly situated, the costs of the action, and a reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, or Rule 23.

g) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

72.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: September 21, 2017.                    Respectfully submitted,

By: s/ Russell S. Thompson IV
Russell S. Thompson IV (Fed. Bar # 029098)
David N. McDevitt (Fed. Bar # 030761)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206
(602) 388-8898
(866) 317-2674 fax
rthompson@consumerlawinfo.com
dmcdevitt@consumerlawinfo.com
*Attorneys for Plaintiff*
